UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEATANA BERENDA ANN CRUNK,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY,[1]<br><br>Defendant. | Case No. 1:22-cv-00353-HBK<br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)[2]<br><br>(Doc. No. 20)<br><br>ORDER FOR CLERK TO MAIL A COPY OF ORDER TO PLAINTIFF |

Francesco P. Benavides ("Counsel") of the Law Offices of Francesco Benavides, attorney for Geatana Berenda Ann Crunk ("Plaintiff"), filed a motion seeking attorney's fees pursuant to 42 U.S.C. § 406(b) on August 11, 2024. (Doc. No. 20). Plaintiff was served with the motion and advised she had 14 days to object. (*Id.* at 2, 8). No opposition has been filed as of the date of this Order. (*See* docket). For the reasons set forth below, the motion for attorney's fees is granted in the amount of $13,600.00 with no offset for the $7,500.00 in fees previously awarded on January 4, 2023, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (Doc. No. 19).

---

[1] The Court has substituted Martin O'Malley, who has been appointed the Acting Commissioner of Social Security, as the defendant in this suit. *See* Fed. R. Civ. P. 25(d).

[2] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. §636(c)(1). (Doc. No. 10).

## I. BACKGROUND

On March 25, 2022, Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying Plaintiff's claim for supplemental security income under the Social Security Act. (Doc. No. 1). On December 7, 2022, the Court granted the parties' stipulation to a voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. Nos. 15, 16). The Court entered an award of $7,500.00 for attorney fees under the Equal Access to Justice Act ("EAJA") on January 4, 2023. (Doc. Nos. 18, 19).

On remand, the Commissioner found Plaintiff disabled beginning on June 21, 2017. (Doc. No. 20-1 at 2). Plaintiff was awarded $83,449.80 in retroactive benefits. (Doc. No. 20-1 at 3). On August 11, 2024, Counsel filed this motion for attorney's fees in the amount of $13,600.00 with no offset of $7,500.00 for EAJA fees already awarded because those fees were not received by Counsel, likely because they were subject to the Treasury Offset Program to pay Plaintiff's federally recoverable debt. (Doc. No. 20 at 6). Counsel argues these fees are reasonable because the contingency fee agreement, which Plaintiff signed, permits Counsel to retain 25% of the past-due benefits, and the requested amount is reasonable. (Doc. No. 20 at 3-4; Doc. No. 20-3). Defendant filed a response to Plaintiff's motion indicating they would neither support nor oppose Counsel's request for attorney fees pursuant to 24 U.S.C. § 406(b). (Doc. No. 21). Notably, Defendant appears to concede that Plaintiff's Counsel is not required to refund any EAJA fees he did not actually receive. (*Id.* at 3 (citing *Boissiere v. Astrue*, 2011 WL 1045170, at *4 (N.D. Cal. Mar. 22, 2011) ("no offset is required because the plain language of the [EAJA] requires a refund only where an attorney has '*received* fees for the same work.'") (emphasis in original)).

/////

## II. APPLICABLE LAW

Attorneys may seek a reasonable fee under the Social Security Act for cases in which they have successfully represented social security claimants. Section 406(b) allows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney,

2

>the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . .

42 U.S.C. § 406(b)(1)(A).  Counsel for a plaintiff may recover attorneys' fees under both 42 U.S.C. § 406(b) and EAJA.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).  Counsel, however, must refund to the plaintiff the amount of the smaller fee.  *Id.*

Fees in social security cases "are usually set in contingency-fee agreements and are payable from past-due benefits awarded to the claimant." *Biggerstaff v. Saul*, 840 F. App'x 69, 70 (9th Cir. 2020).  The fee is not *borne* by the Commissioner.  *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009).  This provision's purpose is in part to "ensure that attorneys representing successful claimants would not risk nonpayment of [appropriate] fees."  *Gisbrecht,* 535 U.S. at 805 (internal quotations omitted).  When weighing the adequacy of requested attorney's fees, Courts should respect "the primacy of lawful attorney-client fee agreements."  *Id.* at 793.  Counsel still bears the burden, however, of showing the requested fees are reasonable.  *Id.* at 807.  In determining reasonableness, the court may consider the experience of the attorney, the results they achieved, and whether there is evidence the attorney artificially increased the hours worked or the hourly rate charged.  *Id.* at 807-808; *Crawford*, 586 F.3d at 1151.  Generally, any 406(b) award is offset by attorney fees granted under the EAJA.  *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1219 (9th Cir. 2012)

////

### III.  ANALYSIS

Here, Plaintiff signed a fee agreement agreeing to pay Counsel 25% of past due benefits awarded to Plaintiff "upon reversal of any unfavorable ALJ decision." (Doc. No. 20-3). Counsel was ultimately successful in securing $83,449.80 in retroactive benefits for Plaintiff. (Doc. No. 20-1 at 6). In support of this motion, Counsel submitted a time sheet indicating the firm expended 32.9 hours in attorney time on this matter. (Doc. No. 20 at 6; Doc. No. 20-4). The time Counsel spent in successfully attaining Plaintiff's benefits does not appear inflated.

Counsel's request for $13,600.00 in fees for 32.9 hours of work results in an hourly rate of

$413.37 for the combined attorney and paralegal work.  In 2008, the Ninth Circuit found higher hourly rates reasonable in social security contingency fee arrangements.  *Crawford*, 586 F.3d at 1153 (explaining that the majority opinion found reasonable effective hourly rates equaling $519.00, $875.00, and $902.00) (J. Clifton, concurring in part and dissenting in part).  More recently, this Court approved an hourly rate of $1,025.22 for paralegal and attorney time.  *Mayfield v. Comm'r of Soc. Sec.*, No. 1:16-cv-01084-SAB, ECF No. 24, at 5 (E.D. Cal. March 19, 2020).  Attorney hourly rates inevitably rise as their experience increases, and Counsel has been practicing social security law for approximately 14 years.  (Doc. No. 20 at 6).  Based on the foregoing, the Court finds the requested fees of $13,600.00 are reasonable.  *Gisbrecht,* 535 U.S. at 807-08.

An award of attorney's fees pursuant to 406(b) in the amount of $13,600.00 is, therefore, appropriate.  An award of § 406(b) fees must generally be offset by any prior award of attorneys' fees granted under the EAJA.  28 U.S.C. § 2412(d); *Gisbrecht*, 535 U.S. 796.  Here, Plaintiff was previously awarded $7,500.00 in attorney fees and expenses pursuant to the EAJA.  (Doc. No. 19).  However, Counsel attests he did not receive this award, likely because it was subject to the Treasury Offset Program to pay Plaintiff's federally recoverable debt.  (Doc. No. 20 at 6).  Defendant does not object to Counsel's representation.  (Doc. No. 21 at 3).  Because Counsel never received EAJA fees and expenses, the Court will not order an offset for the prior award of EAJA fees.  *See Salinas v. Comm'r of Soc. Sec*., 2022 WL 484905, at *4 (E.D. Cal. Feb. 16, 2022) (collecting cases finding 406(b) award not subject to offset for a prior EAJA award used to pay plaintiff's federal debt obligation).

Accordingly, it is **ORDERED**:

1. Plaintiff's Counsel's motion for an award of attorney's fees under § 406(b) (Doc. No. 20) is GRANTED.
2. Plaintiff's Counsel is awarded $13,600.00 in attorney fees pursuant to 42 U.S.C. § 406(b), without an offset for EAJA fees previously awarded pursuant to 28 U.S.C. § 2412.
3. The Clerk of the Court is respectfully directed to serve a copy of this Order on

1  Plaintiff Geatana Berenda Ann Crunk, 1671 E. Bulldog Lane, Apt. 207, Fresno, CA, 93710.

Dated: __August 27, 2024__

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE